**DERCO, LLC/The Station**

v.

**Marvin PERRY, in his Capacity as Director of The Department of Labor and Training.**

**Jeffrey Derderian and Michael Derderian**

v.

**Marvin Perry, in his Capacity as Director of The Department of Labor and Training.**

**Nos. C.A. 03–592, C.A. 03–593.**

Supreme Court of Rhode Island.

Nov. 12, 2003.

Jeffrey Pine, Thomas Dickinson, Kathleen Hagerty, Providence.

Bernard Healy, Foster.

### O R D E R

The above-entitled petitions for certiorari were presented to the Duty Justice for consideration of a motion to stay and aid of said petitions. The motion sought to preclude further action by the Department of Labor and Training to implement collection of civil penalties previously filed against Derco, LLC (Derco) and to stay further action by the Department on a remand to the Director to assess civil penalties against Jeffrey and Michael Derderian (Derderian); pending further order of this Court.

After examining the petitions for certiorari together with exhibits submitted in support thereof and discussing the issues with counsel for the petitioners and the Department, the Duty Justice enters the following Order:

1. The petitions of Derco and Derderian are hereby consolidated.

2. The motion for stay is granted in respect to any efforts by the Department to implement collection procedures against either Derco or Derderian, pending a determination by this Court of issuance of the writ of certiorari.

3. The Department is not precluded from proceeding in accordance with the remand order of the Workers' Compensation Court Appellate Division. The Department may proceed before a hearing officer to seek the imposition of civil penalties against Derderian. Either or any party who is aggrieved by the determination of the hearing officer (Director) may then proceed to invoke such appellate procedures before the Workers' Compensation Court as may be available. Any implementation of collection procedures pursuant to the order of the Director and/or Workers' Compensation Court will be stayed pending a determination by this Court in respect to issuance of a writ of certiorari.

4. Pending the completion of the remand procedures, the petitioners shall file a memorandum in support of their petitions for certiorari within twenty (20) days of the date of this order. The petitioners may also amend their petition as may be necessary to address issues raised in the course of the remand procedures or appellate procedures taken pursuant thereto. Such amendment shall be filed within twenty (20) days of the final decree of the Appellate Division in respect to the remand procedures. In the event of an adverse determination on respondent's petition in respect to the Department, the Department may file a petition for certiorari within twenty (20) days after entry of the final decree of the Appellate Division of the Workers' Compensation Court.

5. The party/respondent may file memoranda in opposition to the petitions for

certiorari within twenty (20) days of the date of filing of the amended or original petitions for certiorari.

6. These petitions for certiorari will be placed on the conference calendar next available after the filing of the final memoranda by the party or parties/respondent.